UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| JOHN L. CORRIGAN, | ) | |
| | ) | |
| Plaintiff, | ) | No. CV-13-053-LRS |
| | ) | |
| vs. | ) | **ORDER OF DISMISSAL** |
| | ) | |
| WSP OFFICER RANDALL E. | ) | |
| ELKINS, LINCOLN COUNTY, | ) | |
| AND CHIEF JUSTICE BARBARA | ) | |
| MADSEN, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**BEFORE THE COURT** are the Fed. R. Civ. P. 12(b)(6) Motions To Dismiss filed by Defendant Lincoln County (ECF No. 8) and Defendant Elkins (ECF No. 10). These motions are heard without oral argument. Plaintiff has responded to both motions. The court opts not to wait for a reply to be filed by Defendant Elkins and expedites hearing on both motions.

A Fed. R. Civ. P. 12(b)(6) dismissal is proper only where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). In reviewing a 12(b)(6) motion, the court must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from such allegations. *Mendocino Environmental Center v. Mendocino County*, 14 F.3d 457, 460 (9th Cir. 1994); *NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). The complaint must be construed in the light

**ORDER OF DISMISSAL -    1**

most favorable to the plaintiff.  *Parks School of Business, Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995).  The sole issue raised by a 12(b)(6) motion is whether the facts pleaded, if established, would support a claim for relief; therefore, no matter how improbable those facts alleged are, they must be accepted as true for purposes of the motion.  *Neitzke v. Williams*, 490 U.S. 319, 326-27, 109 S.Ct. 1827 (1989).  The court need not, however, accept as true conclusory allegations or legal characterizations, nor need it accept unreasonable inferences or unwarranted deductions of fact.  *In re Stac Electronics Securities Litigation*, 89 F.3d 1399, 1403 (9th Cir. 1996).  "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact) . . . ." *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007).  The factual allegations must allege a plausible claim.  *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1951 (2009).

This 42 U.S.C. Section 1983 action arises out of a traffic infraction the Plaintiff received for speeding on February 7, 2011.  In his Complaint, Plaintiff alleges Washington State Patrol (WSP) Trooper Elkins did not have probable cause to stop the Plaintiff for speeding and that his testimony at trial before Lincoln County District Court Judge Joshua Grant was "unpersuasive, contradictory, and at times completely false."  Plaintiff's Complaint recites that he was found to have committed the infraction and appealed to Lincoln County Superior Court Judge John Strohmaier who affirmed the district court's decision. Plaintiff appealed to the Washington Court of Appeals (Division III) and then to the Washington Supreme Court.  His appeals were "dismissed."

As is apparent from the face of Plaintiff's Complaint, his cause of action for damages against Trooper Elkins is barred by *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364 (1994).  Because the finding he had committed the

**ORDER OF DISMISSAL -    2**

speeding infraction was not reversed on direct appeal and has not been "expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus," *Id*. at 487, his claim for damages is not cognizable. A judgment in favor of Plaintiff would "necessarily imply the invalidity of his conviction or sentence." *Id*. The fact that Plaintiff was not convicted of a crime is irrelevant. *Heck* applies to a finding that a person has committed a traffic infraction. *Dauven v. Oregon*, 44 Fed. Appx. 255, 2002 WL 1881099 (9th Cir. 2002); *Cordova v. Ely*, 2012 WL 3496619 (E.D. Wash. 2012) at *3, n. 4, adopted at 2012 WL 3478477 (E.D. Wash. 2012). Additionally, Plaintiff's conclusory allegations against Trooper Elkins are insufficient to render plausible his claim against Trooper Elkins. The allegations are insufficient to raise his claim "above the speculative level." Plaintiff fails to state a claim against Trooper Elkins upon which relief can be granted.

Plaintiff alleges Lincoln County has a "policy and/or custom . . . to inadequately and improperly provide a forum for individuals who contested their traffic infractions by failing to provide a fair and impartial trial" and "to inadequately supervise and train its judges, thereby failing to adequately discourage further constitutional violations on the part of its judges." Plaintiff's cause of action for damages against Lincoln County is likewise barred by *Heck*. In dismissing his appeals, the Washington Court of Appeals and the Washington Supreme Court effectively found that Plaintiff received a fair and impartial trial. A judgment in favor of Plaintiff on his Section 1983 cause of action against Lincoln County would imply to the contrary. Furthermore, Lincoln County is not liable for alleged unconstitutional actions of its district and superior court judges because those judges do not act as municipal policymakers for Lincoln County, but rather act under state law. *Eggar v. City of Livingston*, 40 F.3d 312,

**ORDER OF DISMISSAL -    3**

314 (9th Cir. 1994). Plaintiff fails to state a claim against Lincoln County upon which relief can be granted.

Plaintiff asserts a Section 1983 cause of action against Washington Supreme Court Chief Justice Barbara Madsen. He alleges that in her capacity as chair or co-chair of Washington's Board of Judicial Administration, Chief Justice Madsen is responsible for promulgation of Infraction Rules for Courts of Limited Jurisdiction (IRLJ) which "exhibit a deliberate indifference to the constitutional rights of persons . . . [to] due process and a fair and impartial trial." Plaintiff alleges that pursuant to those rules: "a) [t]he trial judge also acts as the prosecutor; b) "[e]vidence is inadequately and improperly handled; c) [d]iscovery is inadequately and improperly limited; and d) appeals are inadequately and improperly reviewed." Plaintiff apparently seeks a declaratory judgment that these rules violate constitutional rights to due process and a fair trial.

Although Chief Justice Madsen has not yet moved for dismissal of the Complaint as to her, Plaintiff's conclusory allegations regarding the deficiencies of the IRLJ are insufficient to render plausible his claim for declaratory relief. A *sua sponte* dismissal of the cause of action against Chief Justice Madsen is warranted as it is obvious the Complaint fails to state a claim against her upon which relief can be granted. The inadequacy of the claim is apparent as a matter of law. *Levald, Inc. v. City of Palm Desert*, 998 F.2d 680, 686-87 (9th Cir. 1993).

The Fed. R. Civ. P. 12(b)(6) Motions To Dismiss filed by Defendant Lincoln County (ECF No. 8) and Defendant Elkins (ECF No. 10) are **GRANTED** and the causes of action asserted against those Defendants are **DISMISSED with prejudice**. On its own motion, the cause of action asserted against Defendant Madsen is **DISMISSED with prejudice**. Accordingly, the

**ORDER OF DISMISSAL -    4**

action as a whole is **DISMISSED with prejudice**.

      **IT IS SO ORDERED**.  The District Executive shall enter judgment accordingly and forward copies of the judgment and this order to Plaintiff and to counsel of record for Defendants.  The file shall be **CLOSED**.

      **DATED** this ___20th___ of May, 2013.


*s/Lonny R. Suko*

_____
LONNY R. SUKO
United States District Judge

**ORDER OF DISMISSAL -   5**